34 C.C.P.A. (Patents)

## In re PENTZ.
### Patent Appeal No. 5301.

Court of Customs and Patent Appeals.

June 3, 1947.

P. E. Henninger, of Washington, D. C., for appellant.

W. W. Cochran, of Washington, D. C. (H. S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

GARRETT, Presiding Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming that of the Primary Examiner finally rejecting as unpatentable over the prior art all of the claims, 11 and 12, of an application for a patent for "Fluid Couplings." The application relates particularly to such couplings in connection with motor vehicle power transmissions.

The involved claims read as follows:

"11. A fluid coupling rotatable about an axis and comprising a casing, an impeller and an impelled member in said casing, a runner in a comparatively narrow central zone of the coupling intermediate said impeller and said impelled member, said impeller, runner and impelled member being provided with flat blades extending radially with regard to said axis, and a working fluid in said casing, the form of said casing and of said impeller blades causing the fluid to enter said runner at the area farthest away from said axis in response to centrifugal forces generated by the rotation of the coupling, thereby bringing the centers of pressure of the fluid on said runner blades to points farther away from said axis than the centers of pressure of the fluid on said impeller blades.

"12. In a power transmission including a reduction gear mechanism, a fluid coupling between a driving member and a driven member rotatable about an axis and comprising a casing, an impeller and an impelled member in said casing, said impel- ler being operatively connected with said driving member and said impelled member being operatively connected with said driven member, a runner in a comparatively narrow central zone of the coupling intermediate said impeller and said impelled member operatively connected with said reduction gear machanism [sic], said impeller, runner and impelled member being provided with flat blades extending radially with regard to said axis, and a working fluid in said casing, the form of said casing and of said impeller blades causing the fluid to enter said runner at the area farthest away from said axis in response to centrifugal forces generated by the rotation of the coupling, thereby bringing the centers of pressure of the fluid on said runner blades to points farther away from said axis than the centers of pressure of the fluid on said impeller blades."

The following references were cited: Kiep, 1,868,146, July 19, 1932; Maurer, 2,055,300, September 22, 1936; England, 2,162,803, June 20, 1939; Schneider, 2,212,901, August 27, 1940; Barrett, 2,318,660, May 11, 1943; Pentz, 2,350,810, June 6, 1944.

Since the England, Schneider and Barrett patents were the only references applied in rejecting the claims as unpatentable over the prior art, the other cited references need not be described.

The device of the application comprises a container for a suitable liquid in which are certain rotating operating blades. One set is called the impeller and is directly connected with the engine crank shaft. Another set, connected with the tail shaft, is called the impelled member. A third set, called a runner, connects indirectly to the tail shaft by means of a speed reduction mechanism. When the crank shaft revolves the impeller rotates with it setting the fluid in circulation. The fluid circulated by the impeller blades strikes the impelled blades thereby putting them in rotation, thus transmitting the power generated by the engine to the tail shaft.

The England patent relates to a fluid clutch and turbotorque converter and appears to disclose all of the limitations of appellant's structure except that the impel-

ler and runner blades of the patent are not completely flat and radial.

The Barrett patent relates to an automatic hydraulic transmission device in which radial flat blades for both the impeller and the runner are disclosed.

The Schneider patent relates to hydraulic transmission of power and discloses a device in which the impeller and runner blades may be straight or in combination of straight and curved blades, as desired.

The examiner in his statement rejected both of the claims as unpatentable over the patent to England in view of the patent to Barrett, stating that it is conventional in the hydraulic coupling art to make the blades both flat and radial and that appellant had so admitted. The examiner held it would not involve invention to shape the blades of the device of the England patent so that they would be flat and radial in view of the fact that such arrangement is shown in the patent to Barrett.

The claims were also rejected by the examiner on the patent to Barrett in view of that to England. He held the claims to be directly readable on the Barrett reference with the exception that in the patent two runners are disclosed so that the axial center of the unit is bladeless and that the claims require that the runners be in a relatively narrow middle zone between the impeller and impelled blades. The examiner held that it would not involve invention to replace the two runners of the Barrett patent with a single narrow runner as shown in the device of the patent to England. He stated the axial extension of the runner to be merely a matter of design and without patentable significance.

In a supplementary statement the examiner further rejected the claims as unpatentable over the patent of England in view of the Schneider patent, pointing out that in one of the drawings shown in the latter all blades are shown to be straight and radial and that, given such teaching, it was a mere matter of skill to construct all of the blades of the England device in straight and radial fashion. The claims were then additionally rejected on the patent to Barrett in view of the Schneider patent, the examiner holding that it did not involve in-

vention to replace the two runners shown in the former patent with the central runner disclosed in the latter. He further rejected claim 11 as being fully met by the Schneider patent.

At the request of the Board of Appeals the case was submitted by the Primary Examiner to the Examiner of Classification to determine whether claim 12 should remain in the case. Such action apparently was based upon the examiner's rejection of the claim in his original statement as being in violation of appellant's election to claim only the fluid coupling per se.

The Examiner of Classification held that claim 12 distinguished from claim 11 merely by the broad addition of a reduction gear and, therefore, that division between the claims was improper.

The Board of Appeals did not specifically affirm the examiner's rejection of the claims on the patent to Barrett in view of that to England and the rejection of claim 11 on the Schneider reference alone, but by its general affirmance, in accordance with the oft-repeated rule of this court, the board affirmed the examiner as to those two grounds of rejection. It specifically affirmed the examiner's rejection of the claims on the patent to England in view of the patent to Barrett, the rejection on the patent to England in view of the patent to Schneider and the rejection of the claims on the patent to Barrett in view of the Schneider patent.

In response to appellant's request for reconsideration, the Board of Appeals held that the three features urged in the petition and hereinafter referred to were anticipated in equivalent relation in the prior art and that while all were not disclosed in a single reference, there was no new or unobvious result produced by their association which amounts to invention and accordingly refused to make any change in its former decision.

Appellant in his brief states, "If claim 11 is deemed allowable, allowance of claim 12 will necessarily follow, since claim 12 is only claim 11 with a limitation." Therefore, if claim 11 is held to be unpatentable, the limitation in claim 12 of a reduction gear mechanism may not be held to make

that claim patentable since the use of such gear is old in equivalent relation as disclosed by the patents to England and Barrett, respectively. The claims, therefore, will be treated as standing or falling together.

The three features to which the board alluded in its decision on appellant's petition for reconsideration are here repeated in appellant's brief and are alleged, in effect, to impart patentability to the rejected claims.

They appear as follows:

"(1) Flat, radial blades extending from the axis of the coupling to the inner surface of the container.

"(2) Disposition of the runner blades in the comparatively narrow central zone intermediate the impeller blades and the second impelled blades.

"(3) Form of the container which furnishes the necessary migration impulses to the fluid from the impeller to the extreme end of the runner blades."

From what has been said it will be observed that flat radial blades, in a device such as appellant's are not new in the art. They are show in the Barrett device and also in that of the Schneider patent. The disposition of the runner blades in a comparatively narrow central zone is old, as disclosed in the structure of the England patent and also in that of the patent to Schneider. There is nothing in either appellant's drawing or specification which distinguishes the shape or form of the fluid container from the form shown in the drawings of the England patent and of the Barrett patent. It cannot properly be said, therefore, that appellant's device contains anything that is not disclosed in the same relative relationship by the prior art.

█ Before the date of the examiner's first statement appellant filed affidavits, made by himself and others, to the general effect that a Chrysler automobile fitted with a device such as that disclosed in the claims, when operated under usual driving conditions, picked up faster and worked with greater efficiency than automobiles equipped with other types of fluid drives. There is nothing in the affidavits proving or tending to prove that appellant's device

is more efficient than the device of the England or the Barrett patent. But even if he had shown that his device is more efficient than those known at that time, he still would not be entitled to a patent unless the difference between his device and those disclosed by the prior art involved invention.

█ Since it is clear that all of the limitations in claim 11 are old in the art and since, in our opinion, it would not involve invention to substitute in the device of the England patent the flat blades of the Barrett or Schneider devices, the tribunals below did not err in rejecting the claims.

The decision of the Board of Appeals is affirmed.